53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Guy W. WOOLDRIDGE, Defendant-Appellant.
 No. 94-2168.
 United States Court of Appeals, Tenth Circuit.
 March 20, 1995.
 
 Before MOORE, ALDISERT* and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT**
 ALDISERT, Circuit Judge.
 
 
 1
 After participating in an undercover drug sting operation, Guy W. Wooldridge was charged with one count of possession with intent to distribute more than one kilogram of methamphetamine in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A), one count of distribution in violation of 21 U.S.C. Secs. 841(a) and (b)(1)(A), one count of carrying and use of a firearm in violation of 18 U.S.C. Sec. 924(c)(1), and one count of a felon in possession of a firearm in violation of 18 U.S.C. Secs. 922(g) and 924(a)(2). Wooldridge was found guilty on all counts. His sole contention on appeal is that the district court abused its discretion when it admitted evidence of a prior methamphetamine sale.
 
 
 2
 The district court had jurisdiction under 18 U.S.C. Sec. 3231. This court has jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 I.
 
 3
 Wooldridge's convictions were the result of a sting operation, in which a confidential informant named Gary Samaniego organized a meeting between Wooldridge and undercover agent Richard Gonzales of the New Mexico Police Department. At this meeting, Wooldridge said that he had just "cooked" or manufactured some methamphetamine and offered to sell five pounds to Gonzales for $53,000.00. He gave Gonzales a sample.
 
 
 4
 The three men arranged to meet at Wooldridge's motel for delivery of the methamphetamine. Samaniego entered Wooldridge's room at the designated time and emerged with a brown duffle bag containing five pounds of methamphetamine. Agent Gonzales sent Samaniego back to the room to bring Wooldridge out to receive payment. When Wooldridge appeared, he confirmed that he had just cooked what was in the bag and that he expected $53,000.00. Gonzales signaled undercover agents on surveillance to arrest Wooldridge and, during the arrest, the agents found Wooldridge armed with two loaded handguns.
 
 II.
 
 5
 When the government first sought to introduce in its case-in-chief evidence of a prior methamphetamine sale by Wooldridge to a different undercover agent in a different motel three years earlier, the notice stated that the evidence of a prior sale would be offered to prove Wooldridge's knowledge or intent, and absence of mistake or accident. The trial judge declined to admit the evidence at that time, reasoning that intent and knowledge had not been put clearly at issue in the opening statement.
 
 
 6
 During cross-examination of government witnesses and direct examination of its own witnesses, the defense sought to convince the jury that the government informant, Gary Samaniego, was untrustworthy, and that he may have set up an innocent Wooldridge, as he had set up innocent men in the past. At the conclusion of the defense's case, the government renewed its request to introduce the Rule 404(b) evidence. The government argued that the objective of the defense's cross-examination was to induce the jurors to conclude that Wooldridge was set up by Samaniego, and that he unwittingly participated in a bulk methamphetamine transaction.
 
 
 7
 The trial court agreed that Wooldridge's prior methamphetamine sale was now relevant to the issues of knowledge and intent, and that its probative value was not outweighed by the potential for prejudice. A DEA agent then testified that while working undercover he had purchased three pounds of methamphetamine from Wooldridge on March 5, 1991 in San Diego, and that Wooldridge told him that he had been a methamphetamine "cook" for 16 years. Wooldridge was found guilty on all counts. He now appeals his conviction.
 
 III.
 
 8
 We review a district court's decision to admit or exclude evidence under Rule 404(b) only for an abuse of discretion. If the court did not make "a clear error of judgment or exceed[ ] the bounds of permissible choice in the circumstances," we will not disturb its decision. U.S. v. Patterson, 20 F.3d 809, 812 (10th Cir.) (quotation omitted), cert. denied, 115 S.Ct. 128 (1994).
 
 
 9
 Rule 404(b) evidence is admissible if the decision to admit fulfills the requirements set forth by the Supreme Court in Huddleston v. U.S., 485 U.S. 681, 691-92 (1988). The evidence must be offered for a proper purpose and be relevant. Moreover, the trial court must determine whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice and must, upon request, instruct the jury that the evidence of similar acts is to be considered only for the proper purpose for which it was admitted. See U.S. v. Rackstraw, 7 F.3d 1476, 1479 (10th Cir.1993); U.S. v. Johnson, 42 F.3d 1312, 1315 (10th Cir.1994).
 
 
 10
 In this case, the evidence was introduced for a proper purpose, to-wit, to rebut defense counsel's theory that Wooldridge was an unwitting participant in a large-scale methamphetamine sale by showing absence of mistake or accident, as well as knowledge and intent. The prior offense was sufficiently recent and similar to render it relevant, and the court conducted the required balancing test and instructed the jury that it could consider the evidence only for proper Rule 404(b) reasons. We conclude that the district court did not abuse its discretion and AFFIRM.
 
 IV.
 
 11
 We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 
 *
 Ruggero J. Aldisert, United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470